BOLIN, Judge.
Dr. Harry James Siess, Jr., appeals from a judgment rejecting his demands for damages resulting from a collision between an automobile he was driving and a car operated by Mrs. Mattie W. Manning and insured by St. Paul Fire and Marine Insurance Company.
The issue is whose fault or negligence caused the accident and resulting damages ?
*260 The accident occurred on Interstate Highway #20 in Bossier City. The road was dry and visibility was good. This highway is a multilane thoroughfare with controlled entrances and exists. Immediately preceding the collision there were three automobiles proceeding east in the following order: an International station wagon driven by Mrs. Manning, a Chrysler sedan driven by Mrs. Lilia Spillers and a Dodge station wagon driven by plaintiff. The evidence is conflicting as to distances between the vehicles and which lane each car occupied.
The trial judge gave written reasons for his findings. He concluded Mrs. Manning suddenly maneuvered her International from an inside lane into the lane to her right, occupied by the Spillers Chrysler, in order to make an exit to her right and this sudden changing of traffic lanes by Mrs. Manning caused a collision between the International and the Chrysler. He further found Dr. Siess never observed the two preceding vehicles prior to the collision. The front of his Dodge struck the rear of the International a glancing blow as he passed the scene of the accident. From these facts the trial judge found Mrs. Manning negligent and Dr. Siess contribu-torily negligent in failing to carefully observe traffic ahead of him and in failing to keep his car under proper control in order to avoid the collision.
Plaintiff contends Mrs. Manning changed lanes of travel contrary to law, thereby creating a sudden emergency, and that his actions thereafter were reasonable and prudent under the existing circumstances. Defendants contend the emergency was partially created by plaintiff’s own negligence in failing to observe the traffic to his front. The resolution of this case is factual as the law is not disputed. It is true a driver is forbidden by statute to change lanes on a multilane highway without first ascertaining the maneuver can be made in safety. It is equally true a motorist is not charged with anticipating a sudden or unexpected hazard being created solely by another’s negligence. However, the law requires a motorist to maintain a constant lookout ahead in order to be able to stop or evade any visible obstruction in the road. We agree with the trial judge’s finding that plaintiff was not maintaining proper observation and speed under the circumstances and that this constituted contributory negligence precluding his recovery.
The judgment is affirmed at appellant’s cost.